Judge Ewing
delivered the Opinion of the Court*
The Commonwealth of Kentucky; by Elisha Bo'wmari arid others—the only acting Justices of Clay County Court, aá relators; for the benefit of said county, brought an action of debt against Robert S.-Brashears, as one of *472 the sureties of Thomas McJilton, on his official b'ondfof the collection of the county levies of Clay county—for his failure to collect and pay over to the county creditors, the several sums levied for them, in the year 1819; and also, for his failure to pay over to the Justices the' sums levied in favor of the county, as well as all balances, after the payment of the county creditors.
The defendant demurred to the declaration; which was sustained by the Court, and the case has been1 brought to this Court,
The only question to be decided in the case, is—have the County Court Justices, as relators; a right to maintain this action against the defendant?
The act of 1797 (Stat. Laws; 1136,) authorized' the’ County Courts to take bonds from the sheriffs; or collectors of the levies, payable to the County Court Justices; for the collection and faithful payment of the levies in the manner directed by law. And the act of 1810 (Slat. Laws, 1250, 8Hi section,-) provides; “that the bonds “ of guardians, of executors and of administrators, and “ others who by law are required to execute a bond to thé “ County Court Justices, shall be made payable to the' “Commonwealth óf Kentucky, instead of the Justices; i( and may be proceeded on as heretofore; except that suits k thereon shall be in the name of the Commonwealth “ instead of the Justices; and an action in one case, on « such bond, shall in nowise abate or bar an action! “ thereon for another cause.”
Now, it cannot be doubted, that the County Court Justices, had a common 1'aw right to maintain an action;, in their own names, on the bond executed to themselves, under the statute of 1797, for any breach of the condition of said bond.
If so, the bond may be proceeded on as heretofore, except that suits thefeon shall be in the name of the Commonwealth, by the act of 1810. The proceeding by motion! given by the statute of 1797, is a summary mode of proceeding, cumulative of the common law remedy, which cannot be construed to abridge or abolish the common law remedy, or in any manner to restrict the obligees in their common law right of action upon the bond, An'd; *473 as the bond, by the latter statute, may be proceeded on as heretofore, only using the name of the Commonwealth, the latter statute may be fairly construed to give a direct legislative authority to the County Court Justices to use her name in the prosecution of suits upon the - bond.
If it be admitted, that the doctrine settled by this Court in the case of the Commonwealth, for the use of Rennet, against Fugate (1 Monroe 2,) is correct, the principle there settled, is not at all in conflict, with the principle settled in this case. There it was settled, that a county creditor, as relator, had no authority, conferred by the statute, to use the name of the Commonwealth in a suit on the bond; and that, according to the principles of the common law, none but parlies or privieh can maintain an action in their own names; nor can any oné usé the names 'of parties or privies to a contract, but by their authority. Andas Rennet, the relator, was not party of privy, and no statute authorized him to sue in the name of the Commonwealth, he could not maintain the action as relator.
Here the County Court Justices were parlies to the bond under the former statute; and, as such, according to the principle settled in the foregoing case, could have maintained the action; and the latter statute gives the right to proceed on the bond, in the name of the Commonwealth;
It is, therefore, the opinion of the Court, that the judg-. ment of the Circuit Court be reversed, and the cause remanded, that the demurrer may be overruled, and further proceedings had, not inconsistent with this opim ion.